IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00432-MEH

SANTIAGO ABREU,

    Plaintiff,

v.

TAVIN FOODS, INC. d/b/a Riverbend Market & Eatery,

    Defendant.

**ORDER**

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion ... to Strike Defendant's Answer and for Entry of Default [filed March 24, 2016; docket #10]. The Court finds pursuant to D.C. Colo. LCivR 7.1(d) that further briefing is not required.

    On March 8, 2016, Plaintiff filed a return of service demonstrating that the Defendant was served with the summons and complaint on March 2, 2016; accordingly, Defendant's answer or other response to the operative pleading was due to be filed on or before March 23, 2016. On March 22, 2016, an Answer was filed in this case on behalf of the Defendant and signed by "Michael Abbondanza, President, Tavin Foods, Inc., Pro Se." Answer, docket #9. Plaintiff asks the Court to strike the Answer as improper.

    It is a "long-standing rule" in the Tenth Circuit that a "corporation must be represented by an attorney to appear in federal court." *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006). In fact, "[a]s a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001). In addition, this Court's local rule provides that an

"entity may not appear without counsel admitted to the bar of this court, and [ ] absent prompt appearance of [ ] counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C. Colo. LAttyR 5(b). In accordance with this authority, the Court will grant Plaintiff's motion to strike the Answer filed by Mr. Abbondanza.

However, the Court will deny without prejudice Plaintiff's request for entry of default against Defendant. To obtain entry of default in this district, a plaintiff must comply with D.C. Colo. LCivR 55.1(a)(1) by filing a motion supported by an affidavit demonstrating:

(1) that the defendant who has been defaulted:

(A) is not a minor or an incompetent person;

(B) is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, Protection of Servicemembers Against Default Judgments; [and]

(C) has not made an appearance.

Plaintiff has attached no affidavit to his motion providing the necessary information as required by the rule. In addition, the Court will permit a brief extension to the Rule 12(a)(1) deadline and order the Defendant to file an answer or other response, which complies with this order and all applicable rules, on or before April 11, 2016. If Defendant fails to comply, the Court may enter default and recommend default judgment against the Defendant.

THEREFORE, Plaintiff's Motion ... to Strike Defendant's Answer and for Entry of Default [filed March 24, 2016; docket #10] is **granted in part and denied without prejudice** in part as set forth herein. Defendant shall file an answer or other response, which complies with this order and all applicable rules, **on or before April 11, 2016**.

The Court directs the Clerk of the Court to send a copy of this Order to the Defendant at the address listed in docket #9.

ORDERED at Denver, Colorado this 25th day of March, 2016.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge